IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNAE HOYT,

      Plaintiff,                    No. CIV S-11-1582 JAM GGH P

  vs.

KATHRYN GONZALES,

      Defendant.              ORDER

_____/

Introduction

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's two motions to compel, filed on October 27, 2011, and a motion for entry of default and a motion for entry of default judgment, both of which were filed on March 7, 2012. The court also notes that by Order, filed on March 26, 2012, defendant Gonzales was required to pay for the cost of personal service within fourteen days of the date of that order absent a written statement showing good cause for [her] failure to waive service. No such statement having been filed and the time for doing so having expired, defendant Gonzales should have reimbursed the United States Marshal's service for the cost imposed for having to effect personal service upon her by no later than April 12, 2012.

1

Motions to Compel

In his first motion to compel discovery, plaintiff attached interrogatories to a brief motion asking the court to compel defendant to respond to them. In his second motion to compel, plaintiff lists various documents of which he seeks production from defendant. The motions are defective for more than one reason. In the first place, plaintiff's October 27, 2011, motions are premature in having been filed before the court, by order filed on November 18, 2012, had even directed service of the summons and complaint upon the defendant. Personal service was finally evidently effected on March 13, 2012. See executed service of summons, filed on March 14, 2012 (docket # 25).[1] In the second place, discovery requests are to be served upon the defendant and not filed in this court until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure; that is, discovery requests between the parties, and responses thereto, shall not be filed with the court unless, and until, they are at issue. Plaintiff's inapposite discovery motions must be denied.

Motions re: Default

Plaintiff moved for entry of default and requested that a judgment of default in the amount of $150.000 be entered by the Clerk of the Court against defendant Gonzales on March 7, 2012. However, as noted above, service of process upon the defendant did not occur until March 13, 2012. Defendant Gonzales has filed a motion to dismiss as of April 3, 2012, and is not in default. See Fed. R. Civ. P. 55. The motions must be denied.

Accordingly, IT IS ORDERED that:

1. Plaintiff's defective motions to compel discovery, filed on October 27, 2011 (docket # 16 and docket # 17), are denied;

\\\\\

---

[1] An order was filed in this case on March 26, 2012, requiring defendant Gonzales to pay for the cost of personal service within fourteen days absent a written statement showing good cause for [her] failure to waive service. No such statement has been filed and the court notes the time for doing so has expired which signifies that defendant Gonzales should have reimbursed the cost of service effected by the U.S. Marshal's Service

2. Plaintiff's motion for entry of default, filed on March 7, 2012 (docket # 22), and motion for entry of a default judgment (docket # 23), are denied;

3. This court is to be informed forthwith if defendant Gonzales has not reimbursed the United States Marshal's Service for the cost of personal service of process upon her, pursuant to the court's order at docket # 26; and

4. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

DATED: April 16, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
hoyt1582.ord2