IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNAE HOYT, | |
| Plaintiff, | No. 2:11-cv-1582 JAM AC P |
| vs. | |
| KATHRYN GONZALES, | <u>ORDER</u> & |
| Defendant. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | |

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court are: (1) defendant's motion to dismiss for plaintiff's failure to state a claim, filed on April 3, 2012, to which plaintiff filed his opposition on April 23, 2012, after which defendant filed a reply on April 24, 2012; (2) plaintiff's June 22, 2012, motion for the court to appoint an expert medical witness; and (3) plaintiff's June 22, 2012, motion to appoint counsel.  Defendant contends that plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted.  Defendant Gonzales also asserts entitlement to qualified immunity for plaintiff's deliberate indifference claim.  <u>See</u> Motion to Dismiss (Doc. No. 27).

////

1

Standard for a Motion to Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the allegations to support relief.  In order to survive dismissal, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'"  National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other

1  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.
2  1986).  The court need not accept legal conclusions "cast in the form of factual allegations."
3  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).
4         A pro se litigant is entitled to notice of the deficiencies in the complaint and an
5  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.
6  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

### Allegations of the Complaint

The gravamen of plaintiff's complaint is that defendant Kathryn Gonzales, a licensed vocational nurse and grievance coordinator at Sacramento County Main Jail, was deliberately indifferent to plaintiff's pain from a knee injury.  Plaintiff alleges that he injured his knee playing basketball in September of 2010.  The knee was x-rayed, and a nurse ordered Tylenol and a two-week no-exercise regimen.  Approximately three weeks later, on October 18, 2010, plaintiff returned to sick call and reported that his knee was frequently and painfully dislocating.  His request for an Ace bandage was denied, and he was offered more Tylenol.

Plaintiff filed a grievance on October 23, 2010, seeking a knee brace and consultation with a doctor.  Defendant Gonzalez denied the grievance on November 11, 2010.  This denial was based on defendant Gonzales' review of plaintiff's medical file and not on an examination of plaintiff's knee.  Defendant Gonzalez's reply to the grievance, which is attached to the complaint, stated:

> The documentation in your medical file indicates you were educated about gentle exercise that would not cause the pain and problems you are experiencing with your knee and a knee brace was not medically indicated at this visit.  <u>This review indicates your assessed medical needs are being met appropriately.</u>

Gonzalez's response also advised plaintiff to sign up for sick call for any further medical complaints, and to notify custodial staff of any "emergent medical condition."  Doc. No. 1 at 7.

Plaintiff appealed Gonzalez' response on November 16, 2010.[1] In this appeal, he reported that his knee was "pop[ing] out" several times a day and causing him great pain. He repeated his request for a knee brace and to see a doctor. The complaint alleges that plaintiff never received a response to this appeal. However, a response dated January 27, 2011, is attached to the complaint. Doc. No. 1 at 10. Like the first response, it was written by defendant Gonzalez and approved by the facility commander. Gonzalez again stated that plaintiff's medical needs had been appropriately met, and noted that he had not initiated another sick call since October 19, 2010. Plaintiff was encouraged to request a medical visit if he needed further evaluation of his knee. Id.

The complaint, signed on January 14, 2011 and filed on June 13, 2011, alleges that both the unnamed sick call nurse and defendant Gonzalez ignored plaintiff's reports of debilitating pain and frequent knee dislocations. Plaintiff alleged that he had never seen a doctor and was experiencing pain "to this day." The complaint does not state whether plaintiff sought medical attention after January 27, 2011. Plaintiff seeks money damages and injunctive relief. Doc. No. 1 at 4-5.

## Adequacy of the Jail's Grievance Process

Defendant argues first that plaintiff's complaints about the adequacy of the medical grievance procedure do not state claim for relief. Defendant is correct. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494,

---

[1] The attachment to the complaint demonstrates that plaintiff wrote the word "appeal" may times at the top of a standard inmate grievance form, and also wrote the words "to: facility commander." Doc. No 1 at 9. The grievance reply form had indicated that appeals must be in writing and directed to the facility commander. Id. at 7.

495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

To the extent that plaintiff makes a due process claim against defendant Gonzales, any such claim should be dismissed. Neither grievance review based on the medical file rather than an independent physical examination or "investigation,"[2] nor rejection of an appeal by the grievance coordinator rather than the facility commander, can support a due process claim. Accordingly, leave to amend would be futile. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (district court need not grant leave to amend where claim cannot be saved).

### Deliberate Indifference

Plaintiff claims that defendant Gonzalez was deliberately indifferent to his serious medical need in violation of the Eighth Amendment.[3] Defendant argues that the allegations of the petition, accepted as true, do not rise to the level of an Eight Amendment violation.

---

[2] Plaintiff argues in opposition to the motion that Gonzalez had a duty as grievance coordinator to independently investigate whether he was being provided adequate care. Doc. No. 30 at 1-2.

[3] At the time of the filing the complaint, plaintiff was housed at the Sacramento County Main Jail. It is unclear whether he was a pretrial detainee or a convicted prisoner at the time. In any event, "[c]laims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same standards. See Redman v. County of San Diego, 942 F.2d 1435, 1441 (9th Cir.1991)." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Plaintiff alleges that he experienced persistent and severe pain, and that his knee dislocated several times a day. He frequently needed the assistance of his cellmate, whose unsworn declaration dated January 1, 2011 is attached to the complaint, to help him walk. These allegations, accepted as true, establish a serious medical need for Eight Amendment purposes. The nature of the defendant's response is therefore dispositive. See McGuckin, 974 F.2d at 1060 (determination of deliberate indifference turns on two elements: the seriousness of the need, and the nature of the response).

Isolated instances or occurrences of neglect do not rise to the level of deliberate indifference. O'Laughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990). Negligence, without more, does not violate the Eight Amendment. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Lopez v.

1  Smith, 203 F.3d 1122,1131 (9th Cir. 2000).  Indeed, neither medical malpractice nor civil
2  recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious
3  that it should be known)  necessarily violates the Eighth Amendment.  Estelle, 429 U.S. at 106;
4  Farmer, 511 U.S. at 836-37.  Deliberate indifference is established only where the defendant
5  subjectively "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v.
6  Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted) (emphasis added).
7  Differences of opinion concerning the appropriate treatment are insufficient to establish an
8  Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v.
9  Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

10  Even if plaintiff's allegations would support a claim of negligence, they do not
11 state a claim of deliberate indifference.  This case does not involve a failure to provide medical
12 care or a delay in the provision of care, but a difference of opinion between the inmate and jail
13 staff about the need for an Ace bandage.  Plaintiff was seen by a nurse twice in three weeks
14 immediately following his injury; his knee was evaluated, and it was determined that pain
15 medication, rest, and a modified exercise program were sufficient to permit the knee to heal.
16 Even accepting as true plaintiff's suggestions that the treating nurse initially failed to identify a
17 more serious soft-tissue injury, and that the failure to provide an Ace bandage or brace
18 exacerbated that injury, defendant Gonzalez's subsequent failure to order the brace and to
19 schedule a doctor's appointment cannot be considered deliberate indifference to a serious
20 medical need.

21  Gonzalez reviewed the file to make sure that the nurse had taken appropriate
22 steps, and she directed plaintiff to initiate a sick call if the pain persisted.  Plaintiff did not do so.
23 Although he suggests in opposition to the motion to dismiss that any further requests for medical
24 care would have been futile, Doc. No. 30 at 3, the fact that he did not seek further attention
25 means that the defendant cannot have been subjectively aware of his continuing pain when she
26 denied the second grievance in late January, 2011.  Without such knowledge, there can be no

7

liability.  See McGuckin, 974 F.2d at 1060 (defendant must purposefully ignore or fail to respond to pain to establish deliberate indifference), Toguchi, 391 F.3d at 1057 (defendant must be actually aware of serious risk).

In his opposition to the motion, plaintiff avers that he now has a knee brace that has been ordered by two physicians and has been told that surgery is required for his knee injury. Doc. No. 30 at 4.  While these facts might strengthen a malpractice claim, they cannot save the Eight Amendment claim because they do not establish that defendant Gonzalez knew that her failure to grant plaintiff's request for a brace created a substantial risk of damage to his knee. See Farmer, 511 U.S. at 837 (deliberate indifference requires subjective awareness of a substantial risk of serious harm).

For all the reasons stated above, the complaint fails to state a claim of deliberate indifference against defendant Gonzalez.  Accordingly, the court need not address defendant's assertion of qualified immunity.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  Lopez, 203 F.3d at 1129.  See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez, 203 F.3d at 1124.

The pleading of additional facts, such as the facts regarding harm to plaintiff's knee that are asserted in his opposition to the motion, cannot cure the defect identified above. As it does not appear that plaintiff can save his claims by an amended complaint, the undersigned will recommend dismissal of this action.

1    Finally, because this court recommends dismissal of this case, plaintiff's requests for a court-appointed expert medical witness and for counsel will be denied as moot.

   Accordingly, IT IS HEREBY ORDERED that plaintiff's June 22, 2012 request for a court-appointed expert medical witness (Doc No. 34) and his June 22, 2012 request for the appointment of counsel (Doc. No. 35) are both denied as moot.

   IT IS RECOMMENDED that defendant's motion to dismiss for failure to state a claim, filed on April 3, 2012 (Doc. No. 27), be granted and this case be dismissed.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2012.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
hoyt1582.mtd