1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   JOHNAE HOYT,

12                  Plaintiff,              No.  2:11-cv-1582 JAM AC P

13          vs.

14   KATHRYN GONZALES,                      ORDER

15                  Defendants.

16   _____/

17          Pending before the court is plaintiff's motion for reconsideration in this prisoner

18   civil rights case brought pursuant to 42 U.S.C. § 1983.  ECF No. 43.  Judgment was entered and

19   this case was closed on January 10, 2013.  ECF Nos. 39, 40.

20          On December 10, 2012, Magistrate Judge Claire issued Findings and

21   Recommendations recommending that defendant's motion for failure to state a claim be granted

22   and the instant case dismissed.  ECF No. 38.  No objections were filed and this court adopted the

23   Findings and Recommendations on January 10, 2013.  ECF No. 39.  Plaintiff's belated objections

24

25

26

1

were filed on January 22, 2013,[1] nearly a month beyond the deadline for filing objections.  By

Order, filed on February 1, 2013, Judge Claire directed that the belated filing be placed in the file

and disregarded.  ECF No. 42.

Plaintiff contends that his untimely objections were unfairly disregarded by the

magistrate judge.  Plaintiff claims that he had explained in his objections that, despite his having

filed his change of address some three months before, he did not receive the Findings and

Recommendations until December 21, 2012.  He further contends that he explained he had been

unable to gain access to the law library until January 17, 2013 due to his housing in

administrative segregation (ad seg).   ECF No. 43.  However, the court's review of the objections

does not show that this relatively fuller explanation for the tardiness of the objections was set

forth in that document.  Instead, near the very end of the objections, plaintiff mentioned very

briefly that the objections were late as there were only two cages for three ad seg buildings,

making it very difficult to get to the law library to conduct research and make copies.  ECF No.

41 at 9.  No reference is made to the Findings and Recommendations having been misdirected to

him by the Clerk of the Court.  Moreover, the record shows that the latest notice of a change of

address in the instant case had been filed on January 17, 2012, nearly a year before the issuance

of the Findings and Recommendations.  ECF No. 21.  In addition, that notice was not filed in the

instant case by plaintiff; his address was modified on the docket by the Clerk, due to a notice of

---

[1]      The objections were filed in the court's case docket on January 28, 2013, but
pursuant to Houston v. Lack, 487 U.S. 266, 275-76 (1988), a pro se prisoner filing is dated from
the date a prisoner delivers it to prison authorities.  See also, Douglas v. Noelle, 567 F.3d 1103,
1109 (9th Cir. 2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed
by pro se prisoners").  While plaintiff did not include a  properly signed and dated proof of
service, the court will permit application of the mailbox rule to the document with reference to
the date plaintiff includes with his signature in his objections.  ECF No. 41 at 10.

Plaintiff contends that the objections were filed on January 17, 2013 (which
would nevertheless have been untimely by more than three weeks).  However, while plaintiff's
declaration in support of his objections was dated January 17, 2013, the signature on the
objections themselves is dated January 22, 2013.  The court concludes that plaintiff could not
have filed the objections before the latter date.

1   change of address filed in a separate case, Case No. 2:11-cv-2582 CMK P.  See ECF No. 20.  In

2   addition, the notice of change of address docketed in Case No. 2:11-cv-2582 CMK P on

3   December 13, 2012, included plaintiff's admission that he had been negligent in failing to

4   provide the court with timely notice of his change of address.  Plaintiff acknowledged that he had

5   failed to timely receive an order in that case due to his failure to update his address.  See ECF

6   Nos. 14 and 15 in Case No. 2:11-cv-2582 CMK P.   Plaintiff does not explain why, in the instant

7   case, he did not seek an extension of time to file objections at the time when he claims that he did

8   receive the Findings and Recommendations.

9          Although motions to reconsider are directed to the sound discretion of the court,

10  Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981),

11  considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j)(3)

12  requires that a party seeking reconsideration of a district court's order must brief the "new or

13  different facts or circumstances [which] are claimed to exist which did not exist or were not

14  shown upon such prior motion, or what other grounds exist for the motion."  The rule derives

15  from the "law of the case" doctrine which provides that the decisions on legal issues made in a

16  case "should be followed unless there is substantially different evidence . . . new controlling

17  authority, or the prior decision was clearly erroneous and would result in injustice."  Handi

18  Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v.

19  Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

20         Courts construing Federal Rule of Civil Procedure 59(e), providing for the

21  alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle

22  permitting the unsuccessful party to "rehash" arguments previously presented, or to present

23  "contentions which might have been raised prior to the challenged judgment."  Costello v. United

24  States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268

25  (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).

26  These holdings "reflect[] district courts' concerns for preserving dwindling resources and

3

1    promoting judicial efficiency." <u>Costello</u>, 765 F.Supp. at 1009.

2          Under Rule 60(b), a party may move for relief from judgment on the following

3    grounds: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered

4    evidence that, with reasonable diligence, could not have been discovered in time to move for a

5    new trial under Rule 59(b); (3) fraud..., misrepresentation, or misconduct by an opposing party;

6    (4) the judgment is void; (5) the judgment has been satisfied, released or discharged... or (6) any

7    other reason that justifies relief."

8          "A motion for reconsideration should not be granted, absent highly unusual

9    circumstances, unless the district court is presented with newly discovered evidence, committed

10   clear error, or if there is an intervening change in the controlling law." <u>Marlyn Nutraceuticals,

11   Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations and

12   citations omitted).  In seeking reconsideration, a party "must show more than a disagreement

13   with the Court's decision," and recapitulating arguments the court has previously considered

14   "fails to carry the moving party's burden)." <u>United States v. Westlands Water District</u>, 134 F.

15   Supp. 2d 1111, 1131 (E.D. Cal.2001) (internal quotation/citation omitted).

16         Plaintiff's motion for reconsideration includes nothing that speaks to the

17   substance of his claims.  In reviewing the untimely objections he wishes the court to consider, the

18   undersigned finds that plaintiff provides no new evidence that could not have been provided

19   earlier, identifies no intervening change in the law, and essentially rehashes the arguments raised

20   in his opposition to the motion to dismiss.  Plaintiff's disagreement with this court's previous

21   ruling amounts to little more than a recapitulation of arguments previously considered.

22         Therefore, IT IS HEREBY ORDERED that, upon reconsideration (<u>see</u> ECF No.

23   43), this court's order of January 10, 2013 (ECF No. 39) is affirmed.

24   DATED:   May 29, 2013

                                   /s/ John A. Mendez
25                                 UNITED STATES DISTRICT COURT JUDGE

26

                                         4